**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

DARREL KING,

    Petitioner,

  v.

JAMES E. TILTON, Secretary of the
California Department of Corrections and
Rehabilitation,

    Respondent.

No. C 06-7484 SBA

**ORDER**

[Docket Nos. 1, 6]

Petitioner Darrel King, a California state inmate, has filed a petition for writ of habeas corpus [Docket No. 1] pursuant to 28 U.S.C. § 2254. Respondent James Tilton, Secretary of the California Department of Corrections and Rehabilitation (Secretary), has filed a motion to dismiss on the ground that the petition is barred by the statute of limitations [Docket No. 6]. For the reasons that follow, the motion to dismiss is GRANTED and the petition for habeas corpus relief is DENIED.

**BACKGROUND**

In 1981, King was convicted of first degree murder and was sentenced to a total prison term of 29 years to life. *See* Docket No. 1, at 2. On April 23, 2002, the Board of Prison Terms (Board) found King unsuitable for parole and denied further consideration for parole for another two years. *Id.* King then submitted an administrative appeal of the parole denial to the Board, but the appeal was denied on July 8, 2003. *Id.* King filed a state habeas petition in San Francisco Superior Court on May 24, 2004, which was denied on July 29, 2004. *Id.* King then appealed. *Id.* at 3. After his initial appeal was denied, King appealed to the California Supreme Court which denied his appeal on September 7, 2005. *Id.*

King filed the present federal habeas petition on December 6, 2006, alleging that the Board's failure to set a parole date violated due process of law, and that by not giving individualized consideration to the relevant factors in determining a parole date, the Board's decision was arbitrary and

1 capricious. *See* Docket No. 1, at 3. In response, the Secretary has filed a motion to dismiss contending
2 that King's petition is barred by the one-year statute of limitations. *See* Docket No. 6, at 2. King
3 concedes his petition is untimely, but claims his counsel's negligence in timely submitting the petition
4 is an extraordinary circumstance warranting equitable tolling of the statute of limitations. *See* Docket
5 No. 7, at 1-2.

## LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner petitioning for federal habeas corpus relief to do so within one year after: (a) the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (d) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). The one-year statute of limitations is tolled, however, while a "properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007); *Biggs v. Duncan*, 339 F.3d 1045, 1047-48 (9th Cir. 2003).

## ANALYSIS

**1.    Timeliness**

In this case, the AEDPA's one-year limitations period began when King's parole appeal was denied by the Board on July 8, 2003. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). When a prisoner challenges a Board decision denying parole, the date on which the prisoner could have discovered the factual basis of his claim is the date on which the Board's decision became final. *See id.* The one-year statute of limitations was tolled from the time King filed his first state habeas petition until the California Supreme Court rejected his final collateral challenge. *See Carey v. Saffold*, 536 U.S.

214, 219-20 (2002); *Delhomme v. Ramirez*, 340 F.3d 817, 819-20 (9th Cir. 2003) (per curiam). King filed his first state habeas petition in May 24, 2004, and the California Supreme Court denied his request for review on September 7, 2005; the statute of limitations was thus tolled by 471 days, the pendency period of his state habeas proceedings. Accordingly, the one-year statute of limitations began on July 8, 2003, and ran through May 24, 2004, when it was then tolled by the pendency of the state proceedings. It was then triggered again on September 7, 2005, and ran until December 6, 2006, when King filed this petition in federal court. Thus, a total of 776 days elapsed making King's habeas petition untimely under the one-year period of limitations set by AEDPA.

## 2.     Equitable Tolling

King acknowledges that his petition is untimely, but invokes equitable tolling as necessary due to extraordinary circumstances. According to King, the extraordinary circumstance is that his attorney mistakenly believed the one-year limitations period would not begin to run unless and until the California Supreme Court denied a petition for writ of habeas corpus. *See* Docket No. 7 (Babcock Decl.).

The statute of limitations may be subject to equitable tolling, but only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 1880 (2007) (citation omitted). The prisoner must show that the "extraordinary circumstances" caused the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The threshold necessary to trigger equitable tolling under the AEDPA is very high, "lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Indeed, the Ninth Circuit has declared the equitable tolling is "unavailable in most cases." *Id*. (citation omitted).

Attorney negligence and miscalculation of limitations deadlines does not constitute extraordinary circumstances warranting equitable tolling. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Miranda*, 292 F.3d at

3

1067 (attorney's miscalculation of limitations period did not constitute extraordinary circumstances); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's general negligence and miscalculation of the limitations deadline did not constitute extraordinary circumstances that warranted equitable tolling in a non-capital habeas case); *Hernandez v. Tilton*, 2007 WL 1430094, at *5 (N.D. Cal. 2007) (mere attorney miscalculation is not a basis for equitable tolling).

King relies primarily on *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), to substantiate his argument for equitable tolling. In *Spitsyn*, the petitioner's attorney failed to file and prepare a habeas petition, although he had been hired and paid nearly a year in advance of the filing deadline to do so. *Id.* at 801. The attorney failed to take action despite repeated requests by the petitioner and the petitioner's mother. *Id.* Also, despite a request that he return the petitioner's file, the attorney retained the file during the limitations period and more than two months after the deadline. *Id.* The court found that the attorney's conduct was "sufficiently egregious" to justify equitable tolling of the AEDPA's one-year limitations period. *Id.*

While King's attorney's miscalculation may be deemed negligent at worst, it cannot be considered "sufficiently egregious." The *Spitsyn* court itself stated that equitable tolling has not been applied in non-capital cases where attorney negligence caused the filing of a petition to be untimely. *Id.* at 800. And while the attorney in *Spitsyn* showed complete disregard for the promise he made to his client and essentially defrauded him, King's attorney made a good faith effort to file King's habeas petition but simply miscalculated the filing deadline.

King's situation is more accurately compared to *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), a case in which the petitioner's counsel also miscalculated the filing deadline for his client's federal habeas petition. The *Frye* court found that the attorney's miscalculation of the limitations period and his negligence in general did not constitute the extraordinary circumstances sufficient to warrant equitable tolling. *Id.* King's attorney's error virtually mirrors the *Frye* attorney's negligent miscalculation; even though he was aware of the AEDPA's one-year limitations period, he miscalculated the deadline because he used a later starting point than the date dictated by the statute. Thus, there does not exist extraordinary circumstances required for equitable tolling of the AEDPA's

4

one-year limitations period. The one-year statute of limitations therefore applies, thereby barring King's habeas petition.

### CONCLUSION

Accordingly, the motion to dismiss [Docket No. 6] is GRANTED and the petition for habeas corpus relief [Docket No. 1] is DENIED.

IT IS SO ORDERED.

August 13, 2007

Saundra Brown Armstrong
United States District Judge

5