**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

DARREL KING,

    Petitioner,

 v.

JAMES E. TILTON, Secretary of the California Department of Corrections and Rehabilitation,

    Respondent.

No. C 06-7484 SBA

**ORDER**

[Docket No. 13]

Before the Court is Darrel King's petition for a certificate of appealability [Docket No. 13]. Petitioner King, a California state inmate, filed a petition for writ of habeas corpus [Docket No. 1] pursuant to 28 U.S.C. § 2254. On August 13, 2007, the Court granted respondent James Tilton's (Secretary of the California Department of Corrections and Rehabilitation) motion to dismiss on the ground that the petition is barred by the statute of limitations. *See* Docket No. 11. King filed a notice of appeal of the order denying his habeas petition on September 12, 2007, along with the present petition for a certificate of appealability (COA). *See* Docket Nos. 13, 14. For the reasons that follow, the petition for a COA is DENIED.

**1.**    **The Order Dismissing the Habeas Petition**

The following is the Court's analysis and reasoning in the August 13, 2007 order dismissing King's habeas petition:

**BACKGROUND**

In 1981, King was convicted of first degree murder and was sentenced to a total prison term of 29 years to life. *See* Docket No. 1, at 2. On April 23, 2002, the Board of Prison Terms (Board) found King unsuitable for parole and denied further consideration for parole for another two years. *Id.* King then submitted an administrative appeal of the parole denial to the Board, but the appeal was denied on July 8, 2003. *Id.* King filed a state habeas petition in San Francisco Superior Court on May 24, 2004, which was denied on July 29, 2004. *Id.* King then appealed. *Id.* at 3. After his initial appeal was denied, King appealed to the California Supreme Court which denied his appeal on September 7, 2005. *Id.*

King filed the present federal habeas petition on December 6, 2006, alleging that

the Board's failure to set a parole date violated due process of law, and that by not giving individualized consideration to the relevant factors in determining a parole date, the Board's decision was arbitrary and capricious. *See* Docket No. 1, at 3. In response, the Secretary has filed a motion to dismiss contending that King's petition is barred by the one-year statute of limitations. *See* Docket No. 6, at 2. King concedes his petition is untimely, but claims his counsel's negligence in timely submitting the petition is an extraordinary circumstance warranting equitable tolling of the statute of limitations. *See* Docket No. 7, at 1-2.

## LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner petitioning for federal habeas corpus relief to do so within one year after: (a) the date on which the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review; (b) the date on which the impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (d) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). The one-year statute of limitations is tolled, however, while a "properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007); *Biggs v. Duncan*, 339 F.3d 1045, 1047-48 (9th Cir. 2003).

## ANALYSIS

**1.      Timeliness**

In this case, the AEDPA's one-year limitations period began when King's parole appeal was denied by the Board on July 8, 2003. *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). When a prisoner challenges a Board decision denying parole, the date on which the prisoner could have discovered the factual basis of his claim is the date on which the Board's decision became final. *See id.* The one-year statute of limitations was tolled from the time King filed his first state habeas petition until the California Supreme Court rejected his final collateral challenge. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Delhomme v. Ramirez*, 340 F.3d 817, 819-20 (9th Cir. 2003) (per curiam). King filed his first state habeas petition in May 24, 2004, and the California Supreme Court denied his request for review on September 7, 2005; the statute of limitations was thus tolled by 471 days, the pendency period of his state habeas proceedings. Accordingly, the one-year statute of limitations began on July 8, 2003, and ran through May 24, 2004, when it was then tolled by the pendency of the state proceedings. It was then triggered again on September 7, 2005, and ran until December 6, 2006, when King filed this petition in federal court. Thus, a total of 776 days elapsed making King's habeas petition untimely under the one-year period of limitations set by AEDPA.

**2.      Equitable Tolling**

King acknowledges that his petition is untimely, but invokes equitable tolling as necessary due to extraordinary circumstances. According to King, the extraordinary circumstance is that his attorney mistakenly believed the one-year limitations period would not begin to run unless and until the California Supreme Court denied a petition for writ of habeas corpus. *See* Docket No. 7 (Babcock Decl.).

The statute of limitations may be subject to equitable tolling, but only "if

2

extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 1880 (2007) (citation omitted). The prisoner must show that the "extraordinary circumstances" caused the untimeliness. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The threshold necessary to trigger equitable tolling under the AEDPA is very high, "lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Indeed, the Ninth Circuit has declared the equitable tolling is "unavailable in most cases." *Id*. (citation omitted).

Attorney negligence and miscalculation of limitations deadlines does not constitute extraordinary circumstances warranting equitable tolling. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); *Miranda*, 292 F.3d at 1067 (attorney's miscalculation of limitations period did not constitute extraordinary circumstances); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's general negligence and miscalculation of the limitations deadline did not constitute extraordinary circumstances that warranted equitable tolling in a non-capital habeas case); *Hernandez v. Tilton*, 2007 WL 1430094, at *5 (N.D. Cal. 2007) (mere attorney miscalculation is not a basis for equitable tolling).

King relies primarily on *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), to substantiate his argument for equitable tolling. In *Spitsyn*, the petitioner's attorney failed to file and prepare a habeas petition, although he had been hired and paid nearly a year in advance of the filing deadline to do so. *Id.* at 801. The attorney failed to take action despite repeated requests by the petitioner and the petitioner's mother. *Id*. Also, despite a request that he return the petitioner's file, the attorney retained the file during the limitations period and more than two months after the deadline. *Id.* The court found that the attorney's conduct was "sufficiently egregious" to justify equitable tolling of the AEDPA's one-year limitations period. *Id.*

While King's attorney's miscalculation may be deemed negligent at worst, it cannot be considered "sufficiently egregious." The *Spitsyn* court itself stated that equitable tolling has not been applied in non-capital cases where attorney negligence caused the filing of a petition to be untimely. *Id.* at 800. And while the attorney in *Spitsyn* showed complete disregard for the promise he made to his client and essentially defrauded him, King's attorney made a good faith effort to file King's habeas petition but simply miscalculated the filing deadline.

King's situation is more accurately compared to *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001), a case in which the petitioner's counsel also miscalculated the filing deadline for his client's federal habeas petition. The *Frye* court found that the attorney's miscalculation of the limitations period and his negligence in general did not constitute the extraordinary circumstances sufficient to warrant equitable tolling. *Id.* King's attorney's error virtually mirrors the *Frye* attorney's negligent miscalculation; even though he was aware of the AEDPA's one-year limitations period, he miscalculated the deadline because he used a later starting point than the date dictated by the statute. Thus, there does not exist extraordinary circumstances required for equitable tolling of the AEDPA's one-year limitations period. The one-year statute of limitations therefore applies, thereby barring King's habeas petition.

**2.   Legal Requirements for a Certificate of Appealability**

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). A court shall

3

1 grant a certificate of appealability "only if the applicant has made a substantial showing of the denial
2 of a constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating
3 that reasonable jurists would find that his constitutional claims are debatable and that any dispositive
4 procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S.
5 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The certificate must indicate which
6 issues satisfy this standard and the Court of Appeals is limited to considering only those claims. *See*
7 28 U.S.C. § 2253(c)(3); *Hivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

8 In this case, King's petition was denied on procedural grounds---failure to comply with the
9 statute of limitations.  "Determining whether a COA should issue where the petition was dismissed on
10 procedural grounds has two components, one directed at the underlying constitutional claims and one
11 directed at the district court's procedural holding." *Slack*, 529 U.S. at 484-85.  "When the district court
12 denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying
13 constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason
14 would find it debatable whether the petition states a valid claim of the denial of a constitutional right
15 and that jurists of reason would find it debatable whether the district court was correct in its procedural
16 ruling." *Id.* at 484.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve
17 the procedural issue, as was done here. *See id.* at 485.

19 **3.     Analysis**

20 In denying King's habeas petition, this Court found that the statute of limitations was not subject
21 to equitable tolling for "extraordinary circumstances," because under Supreme Court and Ninth Circuit
22 precedent, attorney negligence and miscalculation of limitations deadlines does not constitute
23 extraordinary circumstances. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) ("[a]ttorney
24 miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction
25 context where prisoners have no constitutional right to counsel"); *Miranda v. Castro*, 292 F.3d 1063,
26 1067 (9th Cir. 2002) (attorney's miscalculation of limitations period did not constitute extraordinary
27 circumstances); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's

1  general negligence and miscalculation of the limitations deadline did not constitute extraordinary
2  circumstances that warranted equitable tolling in a non-capital habeas case).  These holdings are clear,
3  leaving their application not subject to debate among reasonable jurists.

## CONCLUSION

Accordingly, the application for a COA is DENIED.  King has not demonstrated that reasonable jurists would find this Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Clerk of the Court shall forward to the Ninth Circuit Court of Appeals the case file with this Order.  *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

November 7, 2007                               _____
                                               Saundra Brown Armstrong
                                               United States District Judge

5